THE HOWARD INVESTMENT COMPANY v. THE BENTON LAND COMPANY.

No. 74.

GUARANTOR — *of mortgage gets no lien by purchasing property at tax sale.* One who guarantees the payment of a note or mortgage cannot obtain a lien upon the mortgaged premises, as against the holder of the note and mortgage, by purchasing the real estate at tax sale.

Error from Comanche District Court. Hon. Francis C. Price, Judge. Opinion filed December 1, 1896. *Affirmed.*

*John Marshall*, for plaintiff in error.

*Johnson & Lucas*, for defendant in error.

COLE, J. This was an action brought by the defendant in error for the foreclosure of a mortgage upon certain lands situated in Comanche County. There were a number of parties to the action aside from the makers of the note and mortgage, amongst whom were Charles E. Flandro, the Showalter Mortgage Company, and the plaintiff in error, the Howard Investment Company.

The only dispute in the trial of the cause in the District Court was between the defendant in error and the plaintiff in error, which latter claims a lien upon the premises covered by the mortgage, by virtue of a certain tax certificate which was originally issued to

HOWARD INVEST. CO. v. BENTON LAND CO. 717

Dec. 1, 1896. Opinion. Cole, J. W. Div.

Charles E. Flandro, by him assigned to the Showalter Mortgage Company, and by it assigned to the plaintiff in error. The certificate shows that it covers the land in dispute, and the only question which was decided by the trial court was the priority of the liens between the plaintiff in error and the defendant in error. It is contended by counsel for plaintiff in error in this case that its lien for taxes should be paramount to that of the mortgage held by the defendant in error, and the question for our decision is fairly put in the brief of counsel as follows : '' Coüld the Showalter Mortgage Company have taken out a valid tax deed on this certificate to the lands in controversy? '' This question must be answered in the negative. The note and mortgage in question were originally given to the Showalter Mortgage Company, which sold, assigned and transferred the same to the defendant in error, and at the time of said transfer the said Showalter Mortgage Company guaranteed the payment of the principal and interest of the debt.

The mortgage in question contained a clause making it the duty of the mortgagor to pay the taxes upon the premises, but even if such a clause had not been inserted it would have been his duty so to do. When the Showalter Mortgage Company guaranteed . the payment of the obligation of the mortgagor, it was equivalent to guaranteeing that his whole contract would be carried out; and by so doing it was placed in such a position of trust with relation to the defendant in error, that the law will not permit it to obtain title by the failure upon the part of the mortgagor to pay the taxes upon the land mortgaged; and the purchase of the land by it, at tax sale, on account of such default. The default of the mortgagor became the default of the company, and the purchase of the

premises at tax sale was simply the payment of taxes by one whose duty it was to pay the same.

The rule is well settled, and requires no citation of authorities to support it, that one whose duty it is to pay taxes upon real estate cannot obtain a lien by permitting the real estate to go to tax sale and then purchasing at such sale.

In this case the certificate was originally issued to Charles E. Flandro, but the record shows that he purchased the land at tax sale as an officer of the Showalter Mortgage Company, and, further, that such purchase was made by said company for the purpose of protecting itself under its guarantee. Of course the plaintiff in error obtained no rights under the certificate which were not obtained by the Showalter Mortgage Company itself, and, such being the case, obtained no lien by virtue of the certificate as against the holder of the mortgage in question.

No error appearing in the record the judgment of the District Court is affirmed.